Jones v. Real Estate Saving Institution, *Appellant.*

**Deed of Trust Sale**: SUIT TO REDEEM: STATEMENT OF ACCOUNT: IN-
TEREST. In a suit by the grantor in a deed of trust against the ben-
eficiary to enforce an agreement for the redemption of improved
real estate, purchased by the latter at a sale under the deed, and
subsequently sold by him to a third party, the court having found
that the plaintiff was entitled to recover; *Held,* that an account
should be stated charging defendant with the rents collected by him
while he held the property, and its value at the date of the second
sale, and crediting him with all taxes and necessary and reasonable
repairs put upon the property, and with other necessary expenses
incurred in its management, together with the amount due on the
original indebtedness, and upon the balance so ascertained to be
due at the date of the second sale, interest should be allowed from
that time.

*Appeal from St. Louis Court of Appeals.*

*Martin & Lackland* for appellant.

*John F. Darby* for respondent.

Henry, J.—In 1862 plaintiffs owned a lot of ground
in the city of St. Louis, bounded north by Jefferson street,
west by Eleventh street, east by Tenth street, and south
by an alley. There are five two-story brick houses and
three frame houses on the lot. The improvements were
made and the land bought partly with the money of the
plaintiff, Julia Jones, but the title was in her husband,
Lewis Jones, her co-plaintiff. On the 1st of December,
1862, Lewis Jones borrowed of defendant $5,650, for which
he gave his note, payable three years after its date, with
interest from its maturity at ten per cent. per annum, and
six semi-annual interest notes, each for $282.50, all se-
cured by a deed of trust conveying the above described
property to Jno. M. Krum. Porter & Wolf afterwards—until
about 1867—and then Levering & Webster were the agents
of plaintiffs, to collect their rents, pay taxes, &c. These
agents collected the rents, and from time to time, deposited

the same with defendant, to be applied in payment of the interest notes. Marcus A. Wolf had a judgment against Lewis Jones for $885 and costs, and was about to have the property above described sold on execution, when, by an arrangement between plaintiffs and defendant, the defendant procured an assignment from said Wolf of said judgment, to the defendant, and afterwards purchased the property at a sale under an execution, issued on Wolf's judgment. The plaintiffs had money on deposit with defendant, within $40 or $50 of the amount of said judgment, with which said assignment was procured.

After this purchase, in 1869, the defendant had the property advertised for sale by the trustee, Jno. M. Krum, to satisfy the indebtedness secured by the deed of trust to Krum, and in their petition, plaintiffs alleged that there was an agreement between them and the defendant that the latter should purchase the property and hold it until the satisfaction of their debt out of the rents of the property, and then convey it to Julia. In November, 1872, the defendant sold and conveyed all of said property to Henry Digby, for the consideration of $10,000, and the plaintiffs charged in their petition that Digby purchased with notice of their equity, and asked to be permitted to redeem said land, and for general relief.

On the trial, the court submitted to a jury, the following issues :

First. Did the Real Estate Saving Institution purchase the property described in the petition, at sheriff's sale, and agree with the plaintiffs, at the time of said sale, to hold said property in trust for them, until the rents of the same should pay the debt mentioned in the petition, or until said property should be otherwise redeemed by the plaintiffs?

Second. Did the Real Estate Saving Institution purchase the property described in the petition, at trustee's sale, and agree with the plaintiffs, at the time of said trustee's sale, to hold said property in trust for them until the rents

of the same should pay the debt mentioned in the petition, or until said property should be otherwise redeemed by the plaintiffs?

Third. Did defendant, Henry Digby, prior to his purchase of the property in question, from the said Real Estate Saving Institution, have any notice of the alleged private agreement or understanding between said institution and plaintiffs, as charged in the petition?

To the first and second issues, the jury said "Yes." To the third issue, they said "No."

With the Digby branch of the case, we have now nothing to do. That controversy has been determined by us in another cause, at this term—*Digby v. Jones and Wife, ante* p. 104. The circuit court, upon these findings, gave judgment for Digby, and holding the Real Estate Saving Institution, as a trustee of the property for the plaintiffs, gave judgment against it for $13,000. Defendant appealed to the Court of Appeals, where the decree of the circuit court was set aside, and a decree entered in favor of plaintiffs against defendant for $10,917, with interest, on that amount from 17th November, 1872, at six per cent. per annum. From that judgment, defendant has appealed to this court.

We are not inclined to disturb the findings of the court and the jury, on the issues submitted. There was conflicting evidence, and no such preponderance on either side as would warrant us in disturbing the verdict, whether on those issues it had been for plaintiff or defendant. We shall affirm so much of the decree as finds and holds the defendant as a trustee for plaintiffs, from the date of their purchase under the execution sale, 20th day of February, 1869, to the date of the sale made by the defendant to Digby in November, 1872. It is clear from the evidence of Lewis Jones, and Mrs. Robertson, and Naylor, that in 1869 there was a considerable balance due defendant from Jones, on the note secured by the deed of trust.

Mrs. Robertson says she was present at a conversation

between Lewis Jones, Mrs. Jones and Naylor, shortly after the trust sale ; that when Naylor informed them that the property had been sold for $10,000, Lewis Jones asked what they would do with the overplus ? Jones testified that he proposed to raise money to pay off the debt, if they would be willing to let him have the property back. Naylor testified that at the date of the sale, in 1869, $5,500 were due on the note. In the decree of the circuit court there is nothing said of this indebtedness, and for aught that appears upon the face of the decree, it was entirely ignored. The evidence in regard to the value of the property would also indicate that the circuit court took no account of that indebtedness, in the decree it rendered. Certainly Jones and wife were not entitled to the value of the property without paying whatever remained unpaid of the note. What that amount was, it is impossible to ascertain, from the evidence preserved in the bill of exceptions. We might approximate the rents received by defendant from 1869 to 1872, but it would be unsatisfactory and might do great injustice to one or the other of the parties. We hold that Jones and wife are entitled to the rents received by the defendant for this property, from the 20th of February, 1869, to the date of the sale to Digby, for during that time defendant was a trustee for plaintiffs ; that from that amount should be deducted necessary reasonable repairs, taxes and necessary expenses, incurred by the defendant in the management of the property, so that defendant shall be charged only with the net amount realized from rents; that plaintiffs are also entitled, against defendant, to the value of the property when sold to Digby ; that from the aggregate of net rent and the value of the property, defendant is entitled to a deduction of the amount of said note, which is unpaid, and on the balance which may be found in favor of plaintiffs interest at 6 per cent. per annum, should be allowed from the date of the sale to Digby. Any moneys received by defendant, prior to the 20th of February, 1869, to be so applied, are of

course, to be treated as payments on said notes. The judgment of the Court of Appeals is reversed and the cause remanded to the circuit court, with directions to have an account taken, to ascertain the several amounts above indicated, including the value of the property at the date of the sale to Digby, and otherwise to proceed with the cause in conformity to this opinion. All concur, except HOUGH, J., not sitting.

REVERSED.